IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| NICOLE TAKAS<br>810 SHAGBARK<br>MEDINA, OH 44256 | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>) | COMPLAINT<br>(Jury demand endorsed herein) |
| VS. | )<br>) | |
| MEDINA COUNTY<br>144 N BROADWAY<br>MEDINA, OH 44256 | )<br>)<br>)<br>) | |
| Defendant. | ) | |

Now comes the Plaintiff, Nicole Takas (hereinafter "Plaintiff" or "Takas") and for her Complaint against the Defendant Medina County (hereinafter "Defendant" or "Medina") states as follows:

## THE PARTIES

1. Plaintiff is a natural person residing in the State of Ohio.

2. Defendant is an Ohio County known as Medina County, Ohio.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant is Medina County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff incorporates all of the above allegations as if fully rewritten herein.

6. Plaintiff was continuously employed by Defendant as an Operator in Training and a

Licensed Operator from June 27, 2018, until the time of her official discharge on or about March 20, 2020.

7. Plaintiff applied for and was hired to work second shift, working from 4 pm to 12 am, 5 days per week.

8. Plaintiff accepted this position because it allowed her to home school her children during the day hours.

9. On February 10, 2020, Plaintiff was injured in the course of and arising out of her employment with Defendant.

10. As a result of the injury, Plaintiff sustained injuries to her knee and low back. Plaintiff was initially treated at the emergency room.

11. Plaintiff sought follow up treatment with an Orthopedic Specialist who opined that Plaintiff could not return to her former position of employment but could return to work with restrictions.

12. On February 13, 2020, Plaintiff arrived at her place of employment to provide her restrictions to the Safety/Loss Prevention Coordinator, Ryan Goff ("Goff"). Before Goff even looked at the restrictions, he handed Plaintiff a letter instructing her to return to work the following day from 8 am to 4 pm performing data entry and other various office tasks.

13. Plaintiff informed Goff that she was unable to work first shift due to schooling her children and that her restrictions did not allow her to drive.

14. The Defendant through its employees and supervisors harassed Plaintiff because she was unable to return to work.

15. Instead of Defendant informing Plaintiff that she was able to receive benefits through the Ohio Workers' Compensation System for her time off work due to the injury, it forced her to

utilize her sick time and vacation time.

16. Defendant offered Plaintiff the first shift position knowing that she was unable to accept it, and therefore the offer of light duty was not made in good faith but was made solely as an attempt to bar Plaintiff from receiving future workers' compensation benefits.

17. Knowing that Plaintiff could not accept the first shift position, Defendant continued to harass Plaintiff by sending Goff to her home in an attempt to force her to accept the position by offering her transportation. When Plaintiff could not get into the vehicle due to the brace she was wearing, Goff told her to crawl across the floor.

18. On March 5, 2020, Defendant provided Plaintiff with paperwork indicating that she was eligible for leave under the Family and Medical Leave Act and requested that the certification form be returned by March 20, 2020.

19. Plaintiff emailed the completed certification forms to the Defendant on March 20, 2020. The certification indicated that Plaintiff had medical restrictions but may return to work light duty March 6, 2020. The medical provider also indicated that Plaintiff was under continued care, needing follow up care and further medical treatment.

20. Defendant refused to allow Plaintiff to return to work within her medical restrictions, made no attempts to offer Plaintiff a reasonable accommodation and failed to engage in any interactive process with Plaintiff to determine if they could accommodate her. Defendant failed to provide a valid response as to why the light duty position offered could not be performed during Plaintiff's regularly scheduled shift.

21. Instead, despite complying with Defendant's request, Plaintiff was terminated.

22. Defendant employed more than fifty (50) persons within a 75 mile radius of Plaintiff's workplace.

23. Plaintiff had worked at least 1,250 hours in the twelve (12) months prior to the commencement of the leave.

## COUNT I

## FMLA INTERFERENCE CLAIM

24. Plaintiff incorporates all of the above allegations as if fully rewritten herein.

25. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. §2611(2).

26. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. §2611(4)(A).

27. Plaintiff's leave that commenced on February 11, 2020 was for a "serious health condition" as defined by 29 U.S.C. §2611(11).

28. Defendant was aware that Plaintiff was suffering from a serious health condition and may require leave under the Family Medical Leave Act ("FMLA").

29. Plaintiff gave notice to Defendant of her need to take leave.

30. Despite Defendant being aware of Plaintiff's serious health conditions and the need for her to take leave, they failed to provide her timely notice of her rights pursuant to 29 U.S.C. §300(b)(1).

31. As a result of Defendant's failure to provide Plaintiff with notice of her right to take FMLA leave, Defendant denied Plaintiff the FMLA benefit to which she was entitled to.

32. Although Defendant ultimately provided Plaintiff with untimely notice of her right to take FMLA leave, when she provided the requested certification form, she was terminated.

33. As such, she was denied FMLA for which she was entitled to.

34. Therefore, Plaintiff is entitled to compensation and benefits lost for violations of the

FMLA, including but not limited to actual monetary losses sustained, appropriate and equitable relief, including employment reinstatement, liquidated damages, attorney fees and other damages to be proven at trial pursuant to 29 U.S.C. §2617(a)(1).

## COUNT TWO

## FMLA RETALIATION

35. Plaintiff incorporates all of the above allegations as if fully rewritten herein.

36. Defendant violated the FMLA by retaliating against and/or taking adverse employment action against Plaintiff including but not limited to terminating her employment as result of her taking leave or attempting to exercise her rights under the FMLA.

37. Further, Defendant violated the FMLA by using an FMLA protected absence and/or Plaintiff's request for FMLA as a negative factor leading at least in part to adverse employment actions and discharge.

38. Defendant lacked good faith and/or reasonable grounds to believe that they had not violated the FMLA when they discharged of Plaintiff.

39. Defendant's violation of the FMLA entitles Plaintiff, pursuant to 29 U.S.C. §2617(A) to monetary damages which include back pay and benefits, statutory liquidated damages and attorney fees, and the costs of bringing this litigation in amount to be determined at trial and equitable remedy of reinstatement and/or front pay.

## COUNT THREE

## ORC 4112 ET SEQ DISABILITY DISCRIMINATION

40. Plaintiff incorporates all of the above allegations as if fully rewritten herein.

41. This claim arises under ORC §4112.02 and §4112.99.

42. At all times relevant herein Plaintiff suffered from medical conditions that are defined as disabilities under the law or Plaintiff has been perceived and/or regarded as disabled by Defendant.

43. Plaintiff was disabled in that she was suffering a serious medical condition to her knee which substantially limited her in one or more major life activities and/or has a record of such and impairment and/or was regarded as having such an impairment.

44. Despite these disabilities or perceived disabilities or being regarded as disabled, Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

45. Defendant used Plaintiff's disability as a basis to take adverse employment action against her in that they refused to reasonably accommodate her medical restrictions, offered her light duty knowing that she was unable to accept it in an attempt to bar workers' compensation benefits, and took no action to engage in any interactive process with plaintiff to determine whether or not they could accommodate her medical restrictions.

46. Defendant took adverse employment action against Plaintiff by refusing to allow her to return to work light duty during her regular scheduled shift, failing to engage in any interactive process with her regarding her medical restrictions and ultimately terminating her employment based upon her disability and/or perceived disability or because it regarded her as being disabled.

47. The acts of the Defendant were intentional, malicious and/or showed reckless disregard for the rights of the Plaintiff.

48. Defendant's intentional, willful and wanton conduct toward Plaintiff was/is discriminatory and violates O.R.C. §4112.02(A) and §4112.99.

49. As a direct and proximate result of Defendant's actions as set forth above, Plaintiff has suffered and will continue to suffer loss of compensation, loss of fringe benefits, loss of opportunity to be able to continue the gainful employment in which has been engaged, loss of past

and future income, loss of reputation, humiliation, embarrassment, loss of self-esteem, loss of sleep, adverse health effects, emotional distress, anxiety, extreme frustration and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination including costs and reasonable attorney fees.

50.     Defendant has willfully and/or intentionally and/or with callous and reckless indifference, violated Plaintiff's rights under Ohio law prohibiting discrimination against a person with a disability, or perceived disability or being regarded as being disabled so as to entitle her to award of punitive damages in addition to any compensatory or any other damages to be awarded in an amount to be proven at trial.

WHEREFORE, Plaintiff seeks an amount in excess of $25,000.00 to fully and fairly compensate Plaintiff for her injuries and prays that this Court enter judgment in her favor and declare the acts of the Defendant to violate both state and federal law, enjoin the Defendant from further discrimination, order reinstatement or front pay, award back pay and all economic compensatory damages including lost wages, fringe benefits, interest, witness fees, expert fees, consequential damages, economic and non-economic compensatory damages, including but not limited to pain and suffering, punitive damages, liquidated damages and costs, including reasonable attorney fees and grant such addition or appropriate relief as this Court determines is just and reasonable.

Respectfully Submitted,

/s/ Melanie Miguel-Courtad
Melanie V. Miguel-Courtad (0064634)
Law Offices of Melanie Miguel-Courtad, LLC
Arbor Court I
30775 Bainbridge Rd, #200
Solon, OH 44139
(216) 621-2030

        Fax: (216) 916-9176

        Email: mvm@melanie-miguel.com

        Attorney for Plaintiff

### Jury Demand

Plaintiff hereby demands a trial by jury comprised of the maximum number of jurors allowed by law.

        /s/ Melanie Miguel-Courtad
        Melanie Miguel-Courtad (0064634)

        Attorney for Plaintiff